IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOEL L. ALLEN, )
)
    Plaintiff, ) Civil Action No. <u>1:11-cv-177</u>
)
v. )
)
TRICAM INDUSTRIES, INC., a )
Minnesota corporation and RMM )
CORPORATION, a Minnesota )
corporation d/b/a Tricam )
International, )
)
    Defendants. )

**COMPLAINT AND JURY DEMAND**

Plaintiff Joel L. Allen, by and through his counsel, Ekker & McNally, LLP and Wallace and Graham, P.A., for his Complaint against the Defendants states as follows:

    I.    JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, and this action is between citizens of different states.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a), as the incident which is the subject of this case occurred in North Carolina.

3. The Defendants are subject to the personal jurisdiction of this Court, as they sell and distribute ladders in North Carolina, one of which caused the injuries to the Plaintiff in this case.

    II.    PARTIES

4. The Plaintiff, Joel L. Allen, resides in the City of Salisbury, County of Rowan, State of North Carolina.

5. At all times material hereto, Defendants Tricam Industries, Inc. and RMM Corporation d/b/a Tricam International (collectively "Tricam") were and are Minnesota corporations with their principal places of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344. Tricam sold and continues to sell goods (including ladders) in the State of North Carolina. Tricam designs, manufactures, distributes and sells ladders under the trade mark of Husky Ladders.

### III. FACTUAL ALLEGATIONS

6. On March 5, 2008, Plaintiff was using a 10 foot Husky Ladder while at work, known as Model No. 01-48000-00, (the "Ladder").

7. Defendants Tricam designed, assembled, fabricated, produced, constructed, manufactured, distributed and sold the aforesaid Ladder.

8. The Ladder was not altered or modified by the Plaintiff.

9. On March 5, 2008, Plaintiff was using the Ladder in a manner and for the purpose for which it was intended, and in accordance with the Manufacturer's Operating and Safety Instructions when it suddenly and unexpectedly broke. The hinges broke off and failed, thereby causing Plaintiff to fall and hit the ground causing him serious injuries.

10. From the fall caused by the defective Ladder, Plaintiff suffered serious injuries, including but not limited to, a comminuted complex right wrist fracture, scapholunate separation, carpal tunnel syndrome treated by external fixation closed reduction, as well as carpal tunnel release and I&D of the wrist, trauma to right shoulder,

2

frayed biceps tendon, scapholuntate diastasis, malunion of the wrist with possible wrist fusion in the future. Plaintiff has endured several surgeries and extensive physical therapy to repair his crushed wrist. Plaintiff has suffered consistent and intense pain from these injuries. Some of these injuries are permanent. Plaintiff has sustained lost income and earning capacity because his injuries have prevented, and will prevent, him from working or even working in the same field. Plaintiff has also sustained non-economic damages including, but not limited to, pain and suffering, emotional distress, embarrassment, humiliation and loss of quality of life.

FIRST CLAIM FOR RELIEF
(Strict Liability)

11. Plaintiff incorporates the above allegations as if fully set forth below.

12. At all times material hereto, Defendants were in the business of designing, testing, approving, assembling, marketing, distributing and selling ladders, including the Husky Ladder, for use in North Carolina and elsewhere throughout the United States.

13. At the time that the Ladder left the control of the Defendants, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it, including the use by Plaintiff (standing on the ladder). The design and/or the materials were defective as the Ladder failed and collapsed even though the Plaintiff was using the Ladder in accordance with the Operating and Safety Instructions.

14. The Ladder was expected by Defendants to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold.

15. The defective and unreasonably dangerous condition of the Ladder was a proximate cause of Plaintiff's injuries, damages and losses.

16. As the assembler and seller of this unreasonably dangerous and defective product, Defendants are strictly liable to Plaintiff.

## SECOND CLAIM FOR RELIEF
(Product Liability Based on Negligence)

17. Plaintiff incorporates the above allegations as if fully set forth below.

18. Defendants were the designer and manufacturer of the Ladder and engaged in the business of selling the Ladder for use. Defendants sold the Ladder to consumers such as the Plaintiff's employer.

19. Defendants had a duty to safely design and manufacture the Ladder.

20. Defendants were negligent by failing to exercise reasonable care to prevent the Ladder from creating an unreasonable risk of harm to the Plaintiff while it was being used in the manner Defendants might have reasonably expected.

21. Defendants were negligent and breached their duty by failing to exercise reasonable care to prevent the Ladder from creating an unreasonable risk of harm to the Plaintiff while it was being used in the manner Defendants should reasonably have expected.

22. Defendants were negligent and breached their duty in manufacturing, constructing, designing, formulating, installing, preparing, assembling, inspecting, testing, packaging, and/or selling the Ladder in a defective state.

23. Defendants' negligence proximately caused Plaintiff's injuries, and Plaintiff demands the recovery of his economic and non-economic damages as stated herein.

## THIRD CLAIM FOR RELIEF
(Violation of North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, et seq.)

4

24. Plaintiff incorporates the above allegations as if fully set forth below.

25. Plaintiff is a person who suffered an ascertainable loss of money by incurring significant medical bills, lost wages and lost earning capacity as a result of the employment by Defendants of the following unfair or deceptive acts and practices, in violation of North Carolina's Unfair and Deceptive Trade Practices Act.

26. Defendants Tricam engaged in deceptive trade practices, in violation of N.C.G.S. § 75-1.1, including but not limited to the following:

   a. Defendants committed an unfair or deceptive act or practice;

   b. In or affecting commerce; which

   c. Proximately caused actual injury to the claimant or his business.

   d. Knowingly [making] a false representation as to the characteristics, uses or benefits, of goods, such as the Ladder.

   e. Represent[ing] that goods, such as the Ladder, are of a particular standard, quality, or grade, or that goods are of a particular style or model, knowing that they are of another.

   f. Fail[ing] to disclose material information concerning goods, such as the Ladder, which information was known at the time of an advertisement or sale and such failure to disclose such information was intended to induce the consumer to enter into a transaction.

27. As a direct and proximate result of Defendants' violations of the North Carolina Unfair and Deceptive Trade Practices Act, Plaintiff has suffered injuries and damages in an amount to be proven at trial.

28. Plaintiff is also entitled, under N.C.G.S. § 75-16, to recover three times the amount of actual damages, and to recover all interest, costs, and reasonable attorney's fees in this matter.

5

## FOURTH CLAIM FOR RELIEF
(Breach of Implied Warranty of Merchantability and Fitness for a Particular Purpose, N.C.G.S. § 25-2-314 and § 25-2-315)

29. Plaintiff incorporates the above allegations as if fully set forth below.

30. Plaintiff is a person who was reasonably expected to use the ladder.

31. Defendants are merchants with respect to ladders like the Ladder and goods of that kind.

32. The Ladder was not of merchantable quality at the time of sale in that it was not fit for the ordinary purpose for which ladders are used, namely, standing on. This constituted a breach of the warranty of merchantability.

33. At the time of contracting and sale, Defendants had reason to know that users of its ladders would use them for standing on (as was done by Plaintiff) and that buyers and users of its ladders were relying on Defendants' skill or judgment to furnish suitable ladders.

34. In fact, the Ladder was not of a suitable quality for standing on. This constituted a breach of the warranty of fitness for a particular purpose.

35. These breaches of warranty caused Plaintiff's damages.

WHEREFORE, the Plaintiff Joel L. Allen respectfully requests a judgment in his favor and against the Defendants Tricam Industries, Inc. and RMM Corporation d/b/a Tricam International for an amount to be proved at trial, including but not limited to, economic damages of medical expenses, including physical therapy and prescription costs and other out-of-pocket expenses, and for loss of income and loss of earning capacity, and for non-economic damages of pain and suffering, impairment of the quality of life, physical impairment, disability, emotional distress, embarrassment,

psychological injury and anxiety, and for treble damages, attorney's fees, and for other losses and expenses, including expert fees, costs of this litigation and interest as provided by North Carolina law and for such other relief as the Court deems proper, all in an amount of money to be determined by a jury in this case.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated this 3rd day of March, 2011.

Respectfully submitted,

WALLACE AND GRAHAM, P.A.

By: s/John Hughes_____
Mona Wallace
N.C. Bar # 9021
John Hughes
N.C. Bar # 22126
WALLACE AND GRAHAM, P.A.
525 N. Main Street
Salisbury, North Carolina 28144
Telephone Number: 704-633-5244
Toll Free Number: 800-849-5291
Facsimile Number: 704-738-2725

EKKER & MCNALLY, LLP

By: s/Angela L. Ekker
Angela L. Ekker
EKKER & MCNALLY, LLP
7887 E. Belleview, #1200
Englewood, Colorado 80111
Telephone: (303) 793-0700
FAX: (303) 793-1950
E-mail: aekker@emcololaw.com
Attorneys for Plaintiff

[Pro hac vice pending]

Plaintiff's Address:
4285 Queens Rd.
Salisbury, NC 28144